374    APPELLATE COURTS OF ILLINOIS.

Walker v. Co-operative Coal & Mining Co., 165 Ill. App. 374.

## Ella Walker, Appellee, v. Co-operative Coal & Mining Company, Appellant.

1. MINES AND MINERS—*when wilful violation established.* *Held,* under the evidence, that there was a wilful failure to inspect the place at which the injury occurred and that there was no error in the refusal of the court to direct a verdict.

2. MINES AND MINERS—*what evidence incompetent.* *Held,* that it was not error to refuse an offer to prove by an experienced miner a condition creating rumbling noises on the day before could be changed, and be in the condition described by the mine examiner on the next morning.

3. INSTRUCTIONS—*when erroneous will not reverse.* Where it can be seen that an erroneous instruction did not mislead the jury a reversal will not be awarded.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Clinton county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

W. S. LOUDEN and M. U. HAYDEN, for appellant.

THOMAS R. MOULD and THOMAS E. FORD, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This record brings before us for review a judgment recovered against appellant for damages alleged to have been sustained by the death of the husband of appellee, which occurred in the coal mine of appellant where the deceased was employed as a miner.

The cause was submitted to a jury upon the second and third counts of the declaration. The second count charged that the deceased was employed in the mine in a cross-cut in shooting down and loading coal into boxes and that said working place was then and had been prior thereto in a dangerous condition by reason of the roof being loose and liable to fall; that it was

the duty of appellant to have a mine examiner to inspect the mine before men were permitted to enter and inspect all places where men are permitted to pass or to work and to observe recent falls and other unsafe conditions and as evidence of his examination of all working places inscribe on the walls with chalk the month and day of the month of his visit.

It was further averred that appellant wilfully failed to make such inspection and inscription of such dangerous and unsafe condition in such working place by reason whereof the loose rock, slate and clod in said roof fell upon the deceased causing his death.

The third count charged a dangerous condition in the working place of deceased and a wilful failure to mark it as notice to keep out, and to report it to the mine manager; and wilfully permitting the deceased to .enter the mine to work without being under the direction of the mine manager to make such dangerous place safe, whereby he was killed by a fall from the roof while working in such dangerous place.

The evidence showed that the deceased was engaged as a miner in appellant's mine and with his son had been mining coal in room No. 10 in what was called the fourth south entry. Room No. 9 joined No. 10 on one side, and room No. 11 on the other. At the time of the accident the deceased had been engaged by the direction of appellant in driving a cross-cut from room 10 to room 9, but had not driven it through. He had not worked in the cross-cut for a couple of days but had been mining in room 10. The accident happened during the forenoon of March 19, 1910, and when the deceased and his son went into room 10 on that day they found the top coal in the cut-off leading from room 10 which had been driven by the deceased, had fallen during the night before, and the deceased and his son went in to load the fallen coal and while loading the first car a piece of rock weighing some five tons fell from the roof upon the deceased, causing

376    APPELLATE COURTS OF ILLINOIS.

Walker v. Co-operative Coal & Mining Co., 165 Ill. App. 374.

his death. In support of the error assigned that the court refused to direct a verdict at the close of the evidence it is argued that the fall did not take place in the working place of deceased. A number of witnesses testify he worked in room 10 but as we view the evidence the cross-cut was driven off room 10 by the deceased and was part of it and it was proper for deceased to load any loose coal that might be in the place either by being mined or by falling there. It is further insisted in support of the alleged error that there was no evidence tending to show a dangerous condition there at the time the mine examiner examined the mine early on the morning of the 19th of March, and prior to the fall of rock. The circumstance showing or at least tending to show it was dangerous at that time, was the physical fact of the fall of top coal which tended to show a disturbance of the roof causing it to fall. In addition to this, a witness Foppe testified that he was a shot firer and the night before the accident when shots were fired he ran through the cross-cut and when the shot went off he heard it jar and "before the shot went off it roared in there;" that the rock composing the roof was cracking trying to come down and that it must have been in the cross-cut or the next room to it; that the popping and cracking of the roof sounded like it was in rooms 9, 10 and 11.

This witness stated on cross-examination that the rumbling noise was in the cross-cut. Another witness, Herman Smith, stated he was in the cross-cut on the same morning before the accident about half past eight; that he examined the roof and it was loose, had drawn loose from the main body of rock and was about ready to fall. A witness Smith also stated he was in the cross-cut that morning before the fall and sounded the rock and found it "drummy;" that the gas had cut the rock through the cross-cut and the top coal had come down during the night.

This evidence tended to show the place was dangerous at the time the mine examiner visited it on the morning of the 19th.

It is insisted also there was no evidence tending to prove the mine examiner was guilty of a wilful violation of the statute in failing to mark the place as dangerous and as notice to keep out and the most the evidence shows was mere negligence on the part of the examiner.

If the evidence tends to show the place was in fact dangerous which we hold it did, appellant cannot excuse itself if its examiner wilfully failed to inspect the place and observe whether there were any unsafe conditions where men were expected to pass or to work, as alleged in the second count of the declaration.

This duty to inspect is imposed by section 18 of the Mines and Miners Act and if any dangerous conditions are discovered on inspection, it is the duty of the examiner for the protection of the miner to place a conspicuous mark thereat as notice to all men to keep out and at once report his finding to the mine manager. If he does not inspect he would not discover unsafe conditions and would have no mark or report to make. The evidence shows the place was not conspicuously marked as notice to the men to keep out, and the only mark by the examiner was the date mark "3-19," indicating an examination.

The examiner testified that on the same morning before deceased entered the mine he went into room 10 and saw there a mass of top coal lying in the crosscut. This was immediately beneath the mass of rock that fell upon the deceased. He states he saw no signs of anything wrong; that he heard no rumbling noises and where the coal had fallen it had left what he supposed was solid rock, and he marked it safe by placing his mark in front of the top coal on the rock in the roof. He did not go over the fallen coal to examine the roof from which it had fallen. He says "he wasn't supposed to go over top coal" and admits

378    APPELLATE COURTS OF ILLINOIS.

Walker v. Co-operative Coal & Mining Co., 165 Ill. App. 374.

that he was not nearer than from six to ten feet to the rock which fell on deceased; that if there was an open slit between the rock and the coal (as testified by another witness) it must have been too far back to see it; that he did not test the roof and if he had he wouldn't have found it because he did not go that far; and that he made no examination of that rock because there was some coal lying there he couldn't get over well.

Under all the circumstances disclosed by the evidence of the pile of fallen coal in that cut-off, and the dangerous conditions that had been manifest to the workmen about there, it is quite clear there was a wilful failure to inspect the place and there was no error in the court refusing to direct a verdict.

Appellant offered to prove by an experienced miner a condition creating rumbling noises on the day before could be changed, and be in the condition described by the mine examiner on the next morning; that there were no indication of danger. If the examiner had inspected the rock over the fallen coal and found it in safe condition, the evidence would have been admissible, but not having done so there was no evidence of a safe condition at that time upon which the question was based, and it was not error to exclude it.

Error is assigned upon instructions 5 and 6 given on behalf of appellee.

The first paragraph of No. 5 was based upon the duty to inspect and mark the dangerous place and is admittedly unobjectionable. The second paragraph states the further duty to allow no one to remain or enter the mine to work except under the direction of the mine manager until all conditions should be made safe. The paragraph was faulty and incorrect but as we are of opinion the verdict is clearly under the evidence in support of the second count, the paragraph could not have operated to appellant's prejudice. Where it can be seen that an erroneous instruction did

not mislead the jury to appellant's prejudice, the error will not reverse.

The sixth instruction advised the jury that in this action the deceased could not be held responsible for contributory negligence or knowledge of danger but had a right to rely on appellant performing its statutory duty and any negligence of his could not be urged as a defense. The instruction was not improper.

We have carefully gone over the record in this case and find the verdict fully supported by the evidence, and finding no error warranting a reversal of the judgment, it will be affirmed.

*Affirmed.*